**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

FEB 04 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEDRO RICARDO MENDIOLA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General <br><br> Respondent. | No. 09-72454 <br><br> **Agency No. A070-037-978** <br><br> MEMORANDUM* |

On Petition for Review of an Order
of the Board of Immigration Appeals

Argued and Submitted January 10, 2014
Pasadena, California

Before: KOZINSKI, Chief Judge, CLIFTON, Circuit Judge, and RAKOFF, Senior
District Judge.**

Substantial evidence supports the Board's determination that Petitioner

Pedro Ricardo Mendiola failed to establish eligibility for deferral under CAT.

Although Mendiola was attacked in the Philippines in 1995 in connection with a

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Jed S. Rakoff, Senior District Judge for the U.S.
District Court for the Southern District of New York, sitting by designation.

land title dispute, he has not been threatened since that time, and neither the 1995 nor the 2005 Philippine Country Report states that individuals in his position (i.e., Marcos supporters or individuals involved in land disputes) are currently being tortured by, or with the acquiescence of, the government. Moreover, Mendiola's parents very recently traveled to the Philippines without incident. *See Sinha v. Holder*, 564 F.3d 1015, 1022 (9th Cir. 2009), *citing Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("[A] petitioner's fear of future persecution is 'weakened, even undercut, when similarly-situated family members' living in the petitioner's home country are not harmed.") (emphasis omitted).

Thus, Mendiola has failed to provide material evidence that he, or persons of his profile, are being sought out or individually targeted for torture upon return to the Philippines. In the absence of such evidence, the Board's finding that Mendiola failed to establish eligibility for deferral under CAT was amply supported by the evidence before it.

**DENIED**.